U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Sep 30 - 2026
John M. Domurad, Clerk

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the
Northern District of New York

**UNITED STATES OF AMERICA**
**v.**
**ELVIS SANCHEZ PAEZ**

**Defendant(s)**

Case No. 1:26-MJ-221 (PJE)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of July 25, 2026 in the county of Albany in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1951(a) | Hobbs Act Robbery |

This criminal complaint is based on these facts:
See accompanying affidavit, incorporated herein

☒ Continued on the attached sheet.

Det [signature] 224/2582
*Complainant's signature*

ATF TFO Robert J. Lawyer II
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 9/30/2026

[signature]
*Judge's signature*

City and State: Albany, NY

Hon. Paul J. Evangelista, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Robert J. Lawyer II, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of criminal complaint charging **Elvis SANCHEZ PAEZ** with a violation of 18 U.S.C. 1951(a), Hobbs Act Robbery.

2. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice, and have held that position since June 2022. As an ATF TFO, I am an investigative or law enforcement officer of the United States, within the meaning of 18 U.S.C. 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Section 2516 of Title 18 of the United States Code.

3. I am also a police officer employed with the Albany Police Department (APD) in Albany, New York, having served in that capacity since July 15, 2008. My current title at APD is Detective in the Criminal Investigation Unit (CIU). As a Detective within the CIU, I have been assigned to the Gun Violence Task Force, as part of which I routinely investigate firearm related crimes, and major offenses including assaults, robberies, homicides, and weapons possession. In fact, during my tenure as a police officer, I have participated in the investigation of numerous violent crimes, and have also received training consisting of my attendance at two police academies.

4. This affidavit is intended to show merely that there is probable cause for a complaint against SANCHEZ PAEZ, and consequently it does not set forth all of my knowledge about the matters under investigation. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, members of law enforcement and witnesses.

**PROBABLE CAUSE**

5. On July 25, 2026, the APD responded to Nor Jewelers, a jewelry store located at 303 Central Avenue in Albany, for a report of a robbery. The owner, Victim-1 (V1), reported to APD that three males entered the store and proceeded to hit V1 with a handgun, restrain his hands with tape, and steal jewelry. The father of V1, Victim-2 (V2), was also present and assaulted by the suspects.

6. Law enforcement obtained video surveillance from Nor Jewelers, which confirmed the report of V1 and depicted the three males in the store. As seen below, two of the men—including one wearing a hat, sunglasses, and facemask—pointed what appear to be, based on my training and experience, firearms, at V1:



7. In the aftermath of the assault, the suspects fled Nor Jewelers and proceeded to switch vehicles several times. Those vehicles were traced on Albany city cameras and area license plate readers accessible to law enforcement. The investigation revealed that the suspects spent the night at a local Motel 6 in three adjacent rooms which were paid for in cash by SANCHEZ PAEZ. SANCHEZ PAEZ can be seen entering the Motel 6 and paying for the rooms in the below still shots:





8. The next morning, SANCHEZ PAEZ and another individual, Zulivar CAMACHO-GARCIA,[1] traveled to a local coffee shop and purchased a large quantity of breakfast sandwiches and coffee drinks. SANCHEZ PAEZ paid cash for the order, then he and CAMACHO-GARCIA delivered the order back to the rooms at the Motel 6 in the hours prior to the robbery. SANCHEZ PAEZ can be seen purchasing breakfast for the conspirators below:

---

[1] CAMACHO-GARCIA was also charged by complaint with a violation of 18 U.S.C. § 1951(a) in connection with his conduct in the Nor Jewelers robbery. *See* Case No. 1:26-MJ-118 (PJE).

 

9. On September 23, 2026, Your Honor signed a warrant for the search of two devices seized from SANCHEZ PAEZ incident to an arrest in New Jersey by local officials on September 5, 2026. SANCHEZ PAEZ was arrested in connection with another robbery, this one in Lyndhurst, New Jersey, which occurred on June 6, 2026.

10. A review of one of the devices belonging to SANCHEZ PAEZ, an Apple iPhone 17 Pro Max, includes several apparently native images confirming the involvement of SANCHEZ PAEZ in the Nor Jewelers robbery, including (a) an image of Nor Jewelers from July 24, 2026, the day before the robbery, (b) what—based on my training, experience, and knowledge of the investigation—appears to be jewelry on a scale showing a weight of 118.1 grams from the evening of July 25, 2026, after the robbery, and (c) images of written notes and calculations which, based on my training, experience, and knowledge of the investigation, depict weights of the stolen jewelry multiplied by a price-per-gram. In at least one image, a written Post-It note, SANCHEZ PAEZ's math suggests he could stand to profit by as much as $140,000:






11. V1 indicated to law enforcement that he imported most, if not all of his inventory, from abroad, and that his initial estimate of the loss was approximately $700,000 in jewelry.

12. Native location information available from the devices is consistent with SANCHEZ PAEZ's presence in Albany both on July 24, 2026 (when he can be seen on camera in the Motel 6), and July 25, 2026 (the day of the robbery).

## CONCLUSION

13. Based on the forgoing, I submit there is probable cause that SANCHEZ PAEZ is liable for substantive Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), by engaging in a robbery in Albany, New York on July 25, 2026.

Robert J. Lawyer II
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

**I, the Honorable Paul J. Evangelista, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by videoconference on September 30, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.**

Date: September 30, 2026

Hon. Paul J. Evangelista
United States Magistrate Judge